**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| ADAM RUHNKE, | ) |
| | ) |
|        Plaintiff, | ) |
| | ) |
| v. | )   10-CV-2597 JAR/JPO |
| | ) |
| ENHANCED RECOVERY | ) |
| COMPANY, LLC, | ) |
| | ) |
|        Defendant. | ) |

**COMPLAINT**

NOW COMES the Plaintiff, ADAM RUHNKE, by and through his attorneys, LARRY P. SMITH & ASSOCIATES, LTD., and for his complaint against the Defendant, ENHANCED RECOVERY COMPANY, LLC, Plaintiff states as follows:

**I.  PRELIMINARY STATEMENT**

1. This is an action for actual and statutory damages for violations of the Fair Debt Collection Practices Act (hereinafter "FDCPA"), 15 U.S.C. §1692, et seq.

**II.  JURISDICTION & VENUE**

2. Jurisdiction arises under the FDCPA, 15 U.S.C. §1692 et seq., and pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1337.

3. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

**III.  PARTIES**

4. ADAM RUHNKE, (hereinafter, "Plaintiff") is an individual who was at all relevant times residing in the City of Easton, County of Leavenworth, State of Kansas.

5. The debt that Plaintiff allegedly owed was for a telephone bill, which was incurred for the personal use of Plaintiff.

1

6. At all relevant times, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

7. ENHANCED RECOVERY COMPANY, LLC, (hereinafter, "Defendant") is a business entity engaged in the collection of debt within the State of Kansas. Defendant is registered as a limited liability company in the State of Florida.

8. The principal purpose of Defendant's business is the collection of debts allegedly owed to third parties.

9. Defendant regularly collects, or attempts to collect, debts allegedly owed to third parties.

10. During the course of its efforts to collect debts allegedly owed to third parties, Defendant sends to alleged debtors bills, statements, and/or other correspondence via the mail and/or electronic mail and initiates contact with alleged debtors via various means of telecommunication, such as the telephone and facsimile.

11. At all relevant times, Defendant acted as a debt collector as that term is defined by 15 U.S.C. §1692a(6).

12. At all relevant times, Defendant acted through its duly authorized agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

### IV.  ALLEGATIONS

13. On or about August 18, 2010, Plaintiff received a telephone call, at his place of employment, from a duly authorized representative of Defendant who stated that he was calling to collect a debt allegedly owed by Plaintiff.

14. During the course of the aforementioned telephone call between Plaintiff and Defendant, Plaintiff specifically advised Defendant that his employer does not permit him to accept calls of such nature while he is at work.

15. Plaintiff further advised Defendant that he could lose his job if Defendant contacted him at his place of employment.

16. On or about August 18, 2010 through on or about September 9, 2010, despite having been advised that Plaintiff's employer prohibits him from receiving calls such as those from Defendant, Defendant proceeded to initiate multiple telephone calls to Plaintiff at his place of employment.

17. During the course of the aforementioned time period, and on multiple occasions therein, Defendant initiated approximately three (3) telephone calls to Plaintiff's place of employment in a single day.

18. During the course of the aforementioned time period, and on multiple occasions therein, Defendant left multiple voicemail messages for Plaintiff at his place of employment.

19. The repetitive calls made by Defendant to Plaintiff were disturbing, harassing, and had the effect of making Plaintiff feel concerned and suspicious about answering the telephone.

20. On or about September 9, 2010, Plaintiff received a telephone call, at his place of employment, from a duly authorized representative of Defendant who stated that he was calling to collect a debt allegedly owed by Plaintiff.

21. During the course of the aforementioned telephone call, Defendant informed Plaintiff that if he did not make a payment to Defendant relative to the debt on which it was attempting to collect then Defendant would file a lawsuit against Plaintiff.

22. Defendant further told Plaintiff that if he did not pay the debt he allegedly owed then Defendant would garnish Plaintiff's wages.

23. Defendant then asked Plaintiff whether his wife was employed.

24. Defendant's inquiry, as delineated above, had the effect of conveying to an unsophisticated consumer that if Plaintiff did not pay the debt he allegedly owed then Defendant would also garnish Plaintiff's wife's wages.

25. At no time during the course of the aforementioned telephone call to Plaintiff did Defendant provide information relative to the individual caller's identity.

26. Defendant has not filed a lawsuit against Plaintiff for the debt he allegedly owes.

27. Upon information and belief, at the time of making the aforementioned threat, Defendant had no intention of filing a lawsuit against Plaintiff for the debt he allegedly owes.

28. Upon information and belief, Defendant has no authority to file a lawsuit against Plaintiff for the debt he allegedly owes.

29. Upon information and belief, at the time of making the aforementioned threat, Defendant had no authority to file a lawsuit against Plaintiff for the debt she allegedly owes.

30. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no lawsuit had been filed against Plaintiff for the debt he allegedly owed.

31. At the time Defendant made the aforementioned threat to have Plaintiff's wages garnished, no judgment had been entered against Plaintiff for the debt he allegedly owed.

32. The debt allegedly owed by Plaintiff is not a debt that can proceed to garnishment without Defendant first having secured a judgment against Plaintiff for the alleged debt.

33. In its attempts to collect the debt allegedly owed by Plaintiff, Defendant violated the FDCPA, 15 U.S.C. §1692, in one or more of the following ways:

a. Communicated with the consumer at an unusual time and place or at a time or place which should be known to be inconvenient to the consumer in violation of 15 U.S.C. § 1692c(a)(1);

b. Communicated with the consumer at the consumer's place of employment despite knowing or having reason to know that the consumer's employer prohibits the consumer from receiving such communication in violation of 15 U.S.C. §1692c(a)(3);

c. Engaged in conduct the natural consequence of which is to harass, oppress or abuse any person in connection with the collection of a debt in violation of 15 U.S.C. §1692d;

d. Caused a telephone to ring or engaged any person in telephone conversation repeatedly or continuously with the intent to annoy, abuse or harass any person at the called number in violation of 15 U.S.C. §1692d(5);

e. Placed a telephone call to a consumer without meaningful disclosure of the caller's identity in violation of 15 U.S.C. §1692d(6);

f. Used false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt in violation of 15 U.S.C. §1692e;

g. Represented or implied that nonpayment of any debt will result in the arrest or imprisonment of any person or the seizure, garnishment, attachment, or sale of any property or wages of any person unless such action is lawful and the debt collector or creditor intends to take such action in violation of 15 U.S.C. §1692e(4);

h. Threatened to take action that cannot legally or is not intended to be taken in violation of 15 U.S.C. §1692e(5);

i. Used any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning the consumer in violation of 15 U.S.C. §1692e(10);

j. Used unfair and/or unconscionable means to collect or attempt to collect a debt in violation of 15 U.S.C. §1692f; and,

k. Was otherwise deceptive and failed to comply with the provisions of the FDCPA.

34. As a result of Defendant's violations as aforesaid, Plaintiff has suffered, and continues to suffer, personal humiliation, embarrassment, mental anguish and emotional distress.

## V. JURY DEMAND

35.   The Plaintiff, ADAM RUHNKE, by and through his attorneys, Larry P. Smith & Associates, Ltd., hereby respectfully requests that the trial of this matter proceed in Kansas City.

36.   Plaintiff hereby demands a trial by jury on all issues so triable.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff, ADAM RUHNKE, by and through his attorneys, respectfully prays for judgment as follows:

   a.   All actual compensatory damages suffered;

   b.   Statutory damages of $1,000.00;

   c.   Plaintiff's attorneys' fees and costs;

   d.   Any other relief deemed appropriate by this Honorable Court.

> Respectfully submitted,
> **ADAM RUHNKE**
>
> By:   s/ D. Matthew Durgin
>        Attorney for Plaintiff

Dated: November 3, 2010

D. Matthew Durgin (Atty. No.: 21557)
LARRY P. SMITH & ASSOCIATES, LTD.
8505 W. 90th Terrace, Suite 100
Overland Park, KS 66212
Telephone:   (913) 908-2313
             (312) 222-9028
Facsimile:   (888) 418-1277
E-Mail:      mdurgin@smithlaw.us